BOLIN, Judge.
Plaintiff instituted this action for the recovery of wages which he alleged were due him for the remainder of a one year contract of employment, plus a percentage of the profits which he contended the defendant corporation agreed to under the original contract of employment with him. The lower court rendered a judgment in favor of plaintiff in the sum of $2500, which represented the unpaid wages under the contract, but otherwise rejected his demands, and from this judgment defendant has appealed.
Plaintiff was employed by defendant corporation to manage its business college at Shreveport, Louisiana. He was first employed under a verbal agreement in September, 1958, for a period of one year. At the completion of the first school year, he was employed for another year beginning September, 1959. This contract was likewise initially verbal, and while there is some dispute as to some of the terms thereof, it was generally an agreement whereby plaintiff would be the general manager of defendant’s school at Shreveport and would receive a salary of $500 per month plus a percentage of the profits at the close of the year. Approximately three months after this last verbal agreement, the plaintiff requested defendant to give him a written memorandum of the employment contract. Pursuant to such request, he received two letters dated December 2, 1959, and December 9, 1959, signed by the president of defendant corporation wherein the terms previously agreed to were merely reduced to writing.
Defendant is a corporation with all its officers and stockholders residing outside of Shreveport except William S. Lyons, who is a vice-president and was also employed by the corporation and placed in charge of the outside sales activities, such as recruiting students, etc.
In order to briefly outline the events leading to the discharge of plaintiff, it may be stated that no real difficulty was encountered during the first year’s employment. However, at about the time of the expiration of the first school year, the officers and directors of the corporation held a meeting in Shreveport and employed plaintiff for an additional year. At this meeting, there apparently was some discussion as to exactly how the plaintiff would be required to conduct the school for the ensuing school year. It seems to be undisputed that plaintiff was to cooperate with Mr. Lyons as the vice-president of the corporation, but the record does not convince us that Mr. Lyons was to be superior in any way to Mr. Roberts as to the actual management of the Shreveport school.
In connection with the school, the defendant offered a course to its students through Nancy Taylor Modeling School. Mr. Roberts was never favorably impressed with this portion of the defendant’s curriculum. However, it seems other officers of the corporation, and particularly Mr. Lyons, were insistent that it continue to offer this course to its students. At the conclusion of the aforesaid board meeting, when Mr. Roberts was employed for the last time, defendant contends it specifically instructed him to continue the Nancy Taylor courses, but that he deliberately disobeyed his instructions *790 and on the same day dismissed the director of the modeling school. This seems to be the primary reason given by defendant for terminating plaintiff’s contract. In any event, Mr. Lyons received authorization from defendant corporation to discharge plaintiff in April, 1961, which resulted in the present action being instituted for the balance of his wages, bonuses, etc., for the remainder of his contract.
There are only two real questions presented to us for decision in this case which may be briefly stated as follows:
1. Did plaintiff and defendant enter into a valid contract of employment for one year beginning September 1, 1960?
2. If such contract was entered into, did defendant have a just cause for terminating plaintiff’s employment during the period of the contract?
In answer to the first question, we do not think there is any serious doubt as to the existence of the contract. In fact defendant admits the employment agreement, but contends it terminated the contract for good causes, which leaves for decision the real question which is posed under the second issue outlined above. For a determination of this problem, it is necessary to give our interpretation of LSA-C.C. art. 2749 which provides:
“If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.” (Emphasis supplied.)
During the trial below, the defendant set forth four principal grounds as reasons for discharging plaintiff, which are:
(1) That appellee had directly and intentionally disregarded and countermanded a decision reached by all the officers, directors and shareholders of appellant in reference to the retention of the Nancy Taylor Modeling course which the school offered;
(2) That appellee violated the specific requirement of his employment contract that he was to cut all expenses in general and particularly advertising expenses;
(3) That appellee violated the specific requirement of his employment contract that he must show more cooperation with the vice-president of the school, Mr. W. S. Lyons ;
(4) That appellee violated the specific requirement of his employment contract that he was not to interfere with the sales program or the salesmen in any manner.
The lower court resolved all these questions in favor of plaintiff and thereby concluded his employment had been terminated without any serious grounds of complaint. Without going into each item separately, it may be generally stated the district court concluded the employee perhaps disobeyed the orders of his superiors with reference-to the Nancy Taylor Modeling course, but no damage was done because such orders-were countermanded on the same day and', the modeling course was continued as an integral part of the school. The lower-court also concluded that plaintiff, as general manager of the school, was authorized to operate same in any manner he saw fit so long as he believed it to be in the best interest of.his employer; and' that even though there might possibly have been some minor disagreements with Mr. Lyons, these were not causes for his dismissal. In fact, it was concluded below Mr. Lyons was not superior to the plaintiff' in the internal operation of the Shreveport school.
On appeal, appellant specifies the following errors in the judgment below:
“(1) The lower court erred in concluding that appellee was discharged without sufficient ‘cause’.
“(2) The lower court erred, as a matter of law, in holding that the ac *791 tions of an employee must be actually detrimental to the employer’s business as a prerequisite for a valid discharge for cause.
“(3) The lower court erred in awarding appellee judgment in the sum of $2,500.00 when appellee had been paid for all but four months of the term at the rate of $500.00 per month.”
Directing our attention to the above specification of errors, we are in complete accord with the findings of the lower court that plaintiff was discharged from his contract of employment without cause and without any serious complaints having been lodged against his operation of defendant’s business school.
The second specification complains the district judge erred as a matter of law when he concluded plaintiff could not be discharged over the Nancy Taylor Modeling course incident merely because no actual detriment resulted therefrom. We find no error in this portion of the judgment below. While our esteemed brother did give this as one reason for his decision, many other valid reasons could have been assigned for the same ruling. Our reading of the record does not fully convince us plaintiff intentionally violated any instructions of the board of directors relative to this matter. To the contrary, the evidence is very conflicting as to just what type of instructions were given plaintiff about continuing this course. . But assuming plaintiff did disobey his superiors and order the discontinuance of the “charm and personality course”, the written contract was entered into between the parties several months after this incident, which leads us to believe defendant continued to be satisfied with plaintiff’s employment even after this alleged misunderstanding.
The last error complained of related to the amount of the judgment. The lower court awarded plaintiff $2,500 which represented wages for the remainder of the contract year Appellant contends this was in obvious error as to $500 thereof in that the record reflects this sum was tendered to plaintiff. We likewise are not impressed by this specification because the record shows plaintiff never cashed the $500 check in question because it had a notation thereon that it was payment in full for all wages due him. Hence it follows the wages for the balance of the school year are due and the sum of $2,500 is correct.
In the final analysis, this case presents purely a factual matter, and that is whether defendant was justified in terminating plaintiff’s employment during the existence of an admitted written contract. The lower court concluded no serious ground of complaint had been established as to the manner in which the employee was performing his duties and finding no manifest error in this conclusion, the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.